United States District Court
Southern District of Texas

**ENTERED**

August 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIO ALFONSO RIVERA SANTIAGO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01349** |
| | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY (ICE),** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Mario Alfonso Rivera Santiago's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus, (Dkt. 1), and Respondents' Response and Motion for Summary Judgment, (Dkt. 9.) Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) which they assert governs his detention until the conclusion of his removal proceedings, and that the deadline to file an appeal of the Immigration Judge's decision to remove Petitioner is August 21, 2026. (*Id*. at 2–3.) However, Respondents also advised the Court that Petitioner's removal is scheduled for August 11, 2026, and submitted Petitioner's order of removal which indicates that an Immigration Judge ordered Petitioner removed on July 22, 2026, and both he and the Government waived appeal. (*Id*. at 25.)

A removal order becomes final upon waiver of appeal by the noncitizen. *See* 8 C.F.R. § 1241.1(b). Accordingly, Respondents are **ORDERED** to submit supplemental briefing to the Court **on or before August 12, 2026,** indicating whether Petitioner is subject to a final order of removal; what effect, if any, this has on Petitioner's detention authority; and whether Petitioner is scheduled for removal or has been removed pursuant to a final order of removal.

1 / 2

IT IS SO ORDERED.

SIGNED this August 10, 2026.

Diana Saldaña
United States District Judge